COPELAND v. WEST et al.

(Division A. May 26, 1947. Suggestion of Error Overruled Nov. 10, 1947.)

[30 So. (2d) 610. No. 36484.]

**Herbert Holmes**, of Senatobia, for appellant.

 

 

McClure & Fant, of Sardis, for appellees.

**Roberds, J.,** delivered the opinion of the court.

The Chancellor ordered a partition in kind of land in this proceeding. The appellant contends that the partition is void because of the failure of the appellees, complainants below, to join as a party to the bill Wayne Copeland and his children—at least, that the partition proceeding would not be binding upon Wayne Copeland and his children. In other words, the contention is that the parties to whom the land is allotted in this proceeding do not have a merchantable title thereto.

The question arises under these conditions: Mrs. S. P. White executed a will May 8, 1909. She departed this

life February 9, 1925. Her will was duly probated. By this will she provided that her husband, John H. White, should receive the rents and income from the land in question, which is a section of land located in Panola County, Mississippi, during his natural life, but requiring him to spend as much as $300 per year for the maintenance and education of her grandson, Monroe White Copeland; that upon the death of her husband the land should be divided equally between her son John H. White, Jr., her daughter Rosalie White West, and her grandson Monroe White Copeland, to be held by them during their natural lives; that upon the death of each, his or her share should vest in his or her then existing bodily heirs, and if the decedent then had no bodily heirs, his or her share should vest in the survivor or survivors of the three named parties, and upon the death of such survivor or survivors his or her share, including that received from the deceased devisee, should vest in the bodily heirs of such decedent. The will makes no direction as to the disposition of the land in case all of the three named devisees should depart this life leaving no bodily heirs, but that is not pertinent to the question here involved.

John H. White, Sr., the husband, departed this life March 4, 1929.

On October 12, 1929, Mrs. West, J. H. White, Jr., and Monroe White Copeland agreed upon a division of the land, under which Copeland received the west one-third, Mrs. West the middle one-third, and White the east one-third thereof. Apparently these three persons took charge of their respective parts.

On October 8, 1936, Mrs. West conveyed her one-third to Copeland.

On July 31, 1942, J. H. White, Jr., departed this life leaving as his only bodily heir his daughter, Mrs. Mildred White Springfield.

Mrs. West died July 7, 1943, leaving as her bodily heirs six children. The above bodily heirs are the complain-

ants in this bill, Mrs. Springfield claiming to be the owner of a one-third undivided interest in fee simple, and the six children of Mrs. West together claiming to be the owner of a one-third undivided interest in fee simple, in said Section of land.

They made Monroe White Copeland the only defendant to the bill, alleging that he owns a life estate in the other one-third undivided interest, the remainder upon his death to vest in the heir or heirs of his body in case he should then have such heir or heirs.

It is disclosed in the record that Monroe White Copeland now has one living heir, a son, Wayne Copeland, a married adult with children. The question is would this partition be binding upon Wayne Copeland should he survive his father, or, if he should predecease his father, would it be binding upon such of his now living children as might survive him.

Section 1, Chapter 317, page 500, Laws of Mississippi 1946, provides that tenants in common, having an estate in possession or right of possession and not in reversion or remainder, if such estate be not less than a term of five years, may obtain between themselves partition of lands, provided: "However, any person owning an indefeasible fee simple title to an undivided interest in land may procure a partition of said land and have the interest of such person set apart in fee simple free from the claims of life or other tenants, remaindermen or reversioners, provided the life or other tenants, and other known living persons having an interest in the lands are made defendants if they do not join in the proceedings as complainants or petitioners."

The quoted provision first appears in the foregoing Act adopted in 1946.

Section 2 of said Act provides: "Any of the parties in interest, whether infants or adults, may institute proceedings for the partition of lands or for a partition sale thereof by decree of court as herein provided. All persons in interest must be made parties, except in cases

where a part of said freehold is owned by persons owning a life estate therein or a life tenancy therein subject to the rights of remaindermen or reversioners, then in such event it shall only be necessary that the person or persons owning or claiming a life estate or life tenancy therein be made parties; . . . ''

Construing these provisions together and applying them to the facts of the case at bar they mean that the complainants herein, who together own a two-thirds undivided interest in fee in the land in question, can obtain a partition in kind of said land and thereby acquire a fee simple title to the parts allotted to them, free from claims of Wayne Copeland and his living children, provided that he and such children are made parties to the proceeding. In other words, the interest of the contingent remaindermen would be limited to the parcel of land allotted in such proceeding to Monroe White Copeland. Conversely, if they are not made parties their interest in said section of land, if and when they should have the right of possession thereto, would not be affected. Their rights are vested now by the terms of the will; the only question is whether and when they will be entitled to the enjoyment thereof. That depends, as to Wayne Copeland, upon whether he survives his father, and, as to Wayne's children, upon whether he predeceases his father, and the children, or some of them, survive Monroe Copeland. The statute requires that all persons having an "interest" be made parties. Contingent remaindermen have such an interest as requires they be made parties if to be bound by the proceeding. 31 C. J. S., Estates, Sec. 72, page 91. The very purpose of the amendment to the statute was to require that known living contingent remaindermen be made parties to the proceeding.

Appellees invoke the doctrine of virtual representation. They say that Monroe White Copeland, being a party to the suit, represents the interest of all contingent re-

maindermen. That doctrine applies only to such parties not now in being. 33 Am. Jur., Section 180, p. 646.

It is urged by appellees that unless they can acquire by partition in kind a fee simple title to their respective parts of the land, free from the claims of contingent remaindermen, they cannot fully enjoy the fruits of their property, and it will be taken out of the channels of trade and commerce, thereby violating the public policy of the state. Such a partition can be had by making Wayne Copeland and his present living children parties to the proceeding. The doctrine of virtual representation takes care of possible yet unborn bodily heirs of both Monroe and Wayne Copeland. The statute requiring that all known living persons in interest be made parties and the doctrine of virtual representation as to unborn contingent remaindermen constitute a workable plan which protects the constitutional rights of all parties and yet admits of present enjoyment and disposition of fee simple owners of property in common with others owning a lesser interest therein. In other words, this statute and this doctrine protect the rights of Wayne Copeland and his now living children, as well as the possible future bodily heirs of Wayne Copeland and Monroe Copeland.

Reversed and remanded.